IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| GERMAN ADONAY NUNEZ RODRIGUEZ<br>337 Gatewater Court<br>Apt. 103<br>Glen Burnie, Maryland 21060<br><br>REMBER EZEQUIAS NUNEZ AZUCENA<br>337 Gatewater Court<br>Apt. 103<br>Glen Burnie, Maryland 21060<br><br>KEVIN ROBERTO GUTIERREZ<br>3809 8th Street<br>Baltimore, Maryland 21225<br><br>     Plaintiffs,<br><br>v.<br><br>NATIONWIDE TREE SERVICE, LLC<br>8305 Ventnor Road<br>Pasadena, Maryland 21122<br><br>    Serve:  Resident Agent<br>             John Ogonowski<br>             8305 Ventnor Road<br>             Pasadena, Maryland 21122<br><br>TREE DISCOUNT SERVICE, LLC<br>304 S. Fountain Green Road<br>Bel Air, Maryland 21015<br><br>    Serve:  Resident Agent<br>             Steven Jernigan<br>             304 S. Fountain Green Road<br>             Bel Air, Maryland 21015<br><br>JOHN OGONOWSKI<br>261 Magothy Bridge Road<br>Pasadena, Maryland 21122 | Civil Case No. |

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5043021_1

| | |
|---|---|
| STEVEN JERNIGAN | : |
| 218 Marshall Drive | : |
| Forest Hill, Maryland 21050 | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiffs, German Adonay Nunez Rodriguez, Rember Ezequias Nunez Azucena and Kevin Roberto Gutierrez ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants Nationwide Tree Service, LLC, Tree Discount Service, LLC, John Ogonowski and Steven Jernigan (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.* stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. Plaintiffs were paid at the same regular hourly rates for all hours worked. They worked hours in excess of forty hours per week and were not paid at the overtime rate of one and a half times their regular hourly rates for all hours in excess of forty as required by Maryland and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5043021_1

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Maryland.

4. Defendants Nationwide Tree Service, LLC and Tree Discount Service, LLC ("Corporate Defendants") are Maryland corporations.

5. Defendants John Ogonowski and Steven Jernigan (the "Individual Defendants") are the owners of the Corporate Defendants.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. The Individual Defendants controlled the day to day operations of the Corporate Defendants.

11. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiffs.

12. The Individual Defendants supervised Plaintiffs directly or indirectly.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3

5043021_1

13. The Individual Defendants directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

14. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Each of the Individual Defendants would be considered an employer for purposes of individual liability because of their intrinsic involvement in the business.

## FACTS

17. Plaintiffs were employed by Defendants as laborers.

18. Plaintiff German Adonay Nunez Rodriguez was employed by Defendants from November 28, 2015 through January 12, 2017.

19. Plaintiff German Adonay Nunez Rodriguez was paid at a regular hourly rate of $20.00 for all hours worked.

20. At all times, Plaintiff German Adonay Nunez Rodriguez was a non-exempt employee.

21. Plaintiff German Adonay Nunez Rodriguez worked hours in excess of forty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

22. Plaintiff German Adonay Nunez Rodriguez is owed approximately $15,100.00 in overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

23. Plaintiff Rember Ezequias Nunez Azucena was employed by Defendants from February 28, 2016 through January 12, 2017.

24. Plaintiff Rember Ezequias Nunez Azucena was paid at a regular hourly rate of $13.00 for all hours worked.

25. At all times, Plaintiff Rember Ezequias Nunez Azucena was a non-exempt employee.

26. Plaintiff Rember Ezequias Nunez Azucena worked hours in excess of forty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

27. Plaintiff Rember Ezequias Nunez Azucena is owed approximately $8,125.00 in overtime wages.

28. Plaintiff Kevin Roberto Gutierrez was employed by Defendants from April 18, 2014 through November 25, 2016.

29. Plaintiff Kevin Roberto Gutierrez was paid at two regular hourly rates throughout his employment with Defendants. From April 18, 2014 through December 31, 2015, he was paid at a regular hourly rate of $13.00 and for the remainder of the employment, he was paid at a regular hourly rate of $15.00.

30. At all times, Plaintiff Kevin Roberto Gutierrez was a non-exempt employee.

31. Plaintiff Kevin Roberto Gutierrez worked hours in excess of forty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

32. Plaintiff Kevin Roberto Gutierrez is owed approximately $26,265.00 in overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

33. Plaintiffs are owed overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of Maryland and federal law.

34. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

35. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

36. The precise number of hours worked, and wages owed, should be revealed through discovery.

37. Defendants knowingly and intentionally violated Plaintiffs' rights under Maryland and federal law.

## COUNT I
### (Violation of the Maryland Wage Payment and Collection Law)

38. Plaintiffs adopt herein by reference paragraphs 1 through 37 above as if fully set forth herein.

39. The amounts owed to Plaintiffs by Defendants for unpaid overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

40. Defendants were required to pay Plaintiffs one and a half times their regular hourly rates for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

41. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs' overtime as required by the MWHL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5043021_1

42. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

43. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but no less than $148,470.00 which equals three times the unpaid overtime wages; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## COUNT II
## (FLSA)

44. Plaintiffs adopt herein by reference paragraphs 1 through 37 above as if fully set forth herein.

45. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

46. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

47. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

48. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

trial, but not less than $98,980.00 which equals double the unpaid overtime wages, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

49. Plaintiffs adopt herein by reference paragraphs 1 through 37 above as if fully set forth herein.

50. Defendants were required to pay Plaintiffs one and a half times their regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

51. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs' overtime as required by the MWHL.

52. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

53. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $98,980.00 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
Mary Craine Lombaro (17140)
mlombardo@steinsperling.com

    /s/ *Eduardo S. Garcia*
Eduardo S. Garcia (07200)
egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (facsimile)

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5043021_1

9