# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (this "**Agreement**") is entered into by and between German Adonay Nunez Rodriguez, Rember Ezequias Nunez Azucena, and Kevin Roberto Gutierrez (collectively, "**Plaintiffs**"), on one hand, and Nationwide Tree Service, LLC ("**NTS**"), Tree Discount Service, LLC ("**TDS**"), John Ogonowski and Steven Jernigan (collectively, "**Defendants**"), on the other hand. (Plaintiffs and Defendants are collectively referred to herein as the "**Parties**"). This Agreement sets forth the understandings and resolutions between the Parties.

**WHEREAS**, Plaintiffs brought a lawsuit in the United States District Court for the District of Maryland, Case No: 1:17-cv-00499 (JFM) (the "**Case**") for alleged violations of the Fair Labor Standards Act ("**FLSA**") 29 U.S.C. § 201, *et seq*, the Maryland Wage & Hour Law ("**MWHL**"), Md. Code Ann, *Labor & Empl.*, § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("**MWPCL**"), Md. Code Ann, *Labor & Empl.*, § 3-501, *et seq.*;

**WHEREAS**, Defendants deny liability in this matter and maintain that Plaintiffs were properly paid for all hours worked;

**WHEREAS**, the Parties have entered into this Agreement to resolve a good faith dispute as to possible entitlements under the MWHL, the MWPCL and the FLSA, therefore, the parties desire to resolve all matters and disputes concerning unpaid wages between them amicably so to avoid any future litigation;

**NOW THEREFORE**, in consideration of the mutual agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed between Plaintiffs and Defendants to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them, accordingly:

1. **Recitals.** The foregoing Recitals are incorporated by reference and made a substantive part of this Agreement as if fully set forth herein.

2. **Payment to Plaintiffs.** Defendants shall pay to Plaintiffs the total sum of Twenty-Seven Thousand Six Hundred Thirty-Seven Dollars and Thirty Cents ($27,637.30) (the "**Settlement Amount**"). The Settlement Amount shall be distributed as follows:

   a. Within fourteen (14) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Three Thousand and 00/100 Dollars ($3,000.00) to German Adonay Nunez Rodriguez. less standard withholdings. This payment represents wage based damages, and NTS and/or TDS shall issue an IRS W2 form to German Adonay Nunez Rodriguez in accordance with applicable law.

   b. Within ninety (90) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Three Thousand and

5373441_1

00/100 Dollars ($3,000.00) to German Adonay Nunez Rodriguez, from which no taxes or deductions shall be withheld. This payment represents non-wage based damages, and NTS and/or TDS shall issue an IRS 1099-MISC form to German Adonay Nunez Rodriguez in accordance with applicable law.

c. Within fourteen (14) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) to Rember Ezequias Nunez Azucena, less standard withholdings. This payment represents wage based damages, and NTS and/or TDS shall issue an IRS W2 form to Rember Ezequias Nunez Azucena in accordance with applicable law.

d. Within ninety (90) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) to Rember Ezequias Nunez Azucena, from which no taxes or deductions shall be withheld. This payment represents non-wage based damages, and NTS and/or TDS shall issue an IRS 1099-MISC form to Rember Ezequias Nunez Azucena in accordance with applicable law.

e. Within fourteen (14) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Three Thousand Five Hundred and 00/100 Dollars ($3,500.00) payable to Kevin Roberto Gutierrez, less standard withholdings. This payment represents wage based damages, and NTS and/or TDS shall issue an IRS W2 form to Kevin Roberto Gutierrez in accordance with applicable law.

f. Within ninety (90) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Three Thousand Five Hundred and 00/100 Dollars ($3,500.00) to Kevin Roberto Gutierrez, from which no taxes or deductions shall be withheld. This payment represents non-wage based damages, and NTS and/or TDS shall issue an IRS 1099-MISC form to Kevin Roberto Gutierrez in accordance with applicable law.

g. Within fourteen (14) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Four Thousand Eight Hundred Eighteen and 65/100 Dollars ($4,818.65) to Stein Sperling Bennett De Jong Driscoll PC. This payment represents attorney's fees and costs, and Defendants shall issue an IRS 1099-MISC form to Stein Sperling Bennett De Jong Driscoll PC in accordance with applicable law.

h. Within ninety (90) days of the Court's approval of this Settlement Agreement, NTS and/or TDS shall pay a total of Four Thousand Eight Hundred Eighteen and 65/100 Dollars ($4,818.65) to Stein Sperling

Bennett De Jong Driscoll PC. This payment represents attorney's fees and costs, and Defendants shall issue an IRS 1099-MISC form to Stein Sperling Bennett De Jong Driscoll PC in accordance with applicable law.

The above payments shall be inclusive of all claims for attorney's fees and expenses, and no other payments of any kind will be made by Defendants pursuant to this Agreement.

3. **Specific Waiver and Mutual Release**. Plaintiffs, on behalf of themselves, their heirs, executors, administrators, personal representatives, and assigns, do hereby release, acquit, exonerate, and forever discharge Defendants and their past and present affiliates, successors, assigns, predecessors, owners, interest holders, principals, subsidiaries, insurers, reinsurers, employees, and all persons acting by, through, under or in concert with any of them, of and from all and every manner of action and actions, charges, grievances, cause and causes of action, obligations, demands, liabilities, defenses, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, of any kind whatsoever, known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity, or otherwise, which the Plaintiffs ever had, now have, or hereafter can, shall, or may have against the Defendants, individually or collectively, including, but not limited to, any claims relating to the Fair Labor Standards Act, the Maryland Wage and Hour Law or the Maryland Wage Payment and Collection Act. This release also includes any claim for attorneys' fees.

Defendants, its past and present affiliates, successors, assigns, predecessors, owners, principals, subsidiaries, insurers, reinsurers, employees, and all persons acting by, through, under or in concert with any of them, do hereby release, acquit, exonerate, and forever discharge Plaintiffs, of and from all and every manner of action and actions, charges, grievances, cause and causes of action, obligations, demands, liabilities, defenses, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses, of any kind whatsoever, known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity, or otherwise, which the Defendants ever had, now have, or hereafter can, shall, or may have against Plaintiffs, except as provided herein.

4. **General Waiver and Release.** In exchange for the consideration described in Paragraph 2, Plaintiffs fully and completely waive, release, and forever discharge Defendants from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiffs may have against Defendants arising out of Plaintiffs' employment with NTS and/or TDS, the separation of their employment with NTS and/or TDS, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the Effective Date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any or all of the Defendants:

Page 3 of 7

5373441_1

-- violated public policy or common law (including, but not limited to, claims for breach of contract, intentional or tortious interference with contract or business relations, misrepresentation, fraud, conversion, promissory estoppel, detrimental reliance, wrongful termination, retaliatory discharge, assault, battery, false imprisonment, personal injury, defamation, libel, slander, invasion of privacy, negligence, negligent hiring, retention or supervision, negligent, reckless, or intentional infliction of emotional distress and/or mental anguish, conspiracy, or loss of consortium); or

-- violated personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied, between the Parties; or

-- engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 et seq.; or

-- retaliated against or discriminated against Plaintiffs on the basis of race, color, age, sex (including sexual harassment), pregnancy, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., the Equal Pay Act, 29 U.S.C. § 206(d), the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., the Sarbanes-Oxley Act of 2002; or otherwise violated any federal, local or state law.

5. **Covenant Not To Sue.** With the exception of the Case, Plaintiffs represent that there has been no filing on their behalf with any government agency or court of any lawsuit, charge, or complaint against Defendants. Plaintiffs agree not to sue any or all of the Defendants in any forum for any claim covered by the waivers and releases herein, except that Plaintiffs may bring a claim to enforce this Agreement.

6. **Non-Admission.** This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the Parties agree that Defendants' willingness to settle the claims in this Case is not an admission of any liability regarding any claim or legal theory.

7.   **Joint Motion for Judicial Approval.**  Plaintiffs and Defendants shall seek approval of this Agreement, including a Joint Motion to Approve Settlement Agreement and proposed order dismissing this case with prejudice.

8.   **Confidentiality.**  Going forward from the execution of the Agreement, Plaintiffs agree to keep confidential the facts and circumstances giving rise to this Agreement and all terms and conditions of this Agreement. If Plaintiffs are asked about this litigation, they will respond by saying only, "The matter has been dismissed."

9.   **Transfer of Claims.**  Plaintiffs understand and agree that this Agreement applies not just to them, but also to their respective heirs, executors, administrators and other agent or representative of Plaintiffs. Plaintiffs hereby state that each of them has the sole right and exclusive authority to execute this Agreement and that Plaintiffs have not sold, assigned, transferred or conveyed in any other manner any rights covered by this Agreement. Plaintiffs further represent that there is nothing that would prohibit them from entering into this Agreement.

10.   **Acknowledgment.**  Plaintiffs acknowledge no representation, promise or inducement has been made other than as set forth in this Agreement, and that each of them enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Plaintiffs further acknowledge and represent that each of them assumes the risk for any mistake of fact now known or unknown, and that each of them acknowledges the consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Plaintiffs also acknowledges that, prior to executing this Agreement, each of them has (a) consulted with or has had the opportunity to consult with an attorney of their choosing concerning this Agreement and has been advised to do so by Defendants; and (b) read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on their own judgment and/or their attorney's advice. Plaintiffs each acknowledge that they have been given a reasonable time to consider the terms of this Agreement.

11.   **Payment of Applicable Taxes.**  Except as otherwise provided herein, Plaintiffs are and shall be solely responsible for all federal, state, and local taxes that may be owed by them by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiffs agree to indemnify and hold Defendants harmless from any and all liabilities, including, without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or any other entity regarding any tax obligations that may arise from the monetary consideration paid to Plaintiffs under this Agreement.

12.   **Counterparts.**  This Agreement may be executed in one or more counterparts, and by electronic PDF format or facsimile signature, each of which shall be deemed an original and all of which shall constitute one in the same Agreement.

13. **Choice of Law.** The laws of Maryland shall apply to any disputes arising from or under this Agreement, or with respect to its interpretation, without regard to its conflict of law principles, except where the application of federal law applies.

14. **Entire Agreement.** This Agreement sets forth the entire Agreement between the Parties with respect to all disputes or claims that Plaintiffs have or could have had against Defendants, and fully supersedes any and all prior negotiations, agreements, or understanding, whether written or oral, between the parties pertaining to the subject matter of this Agreement. This Agreement shall not be changed unless in writing and signed by both Plaintiffs and Defendants.

15. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Plaintiffs that is not invalid.

16. **Headings.** The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement:

**PLAINTIFFS:**

_German N._     Dated: 9/1/17
German Adonay Nunez Rodriguez

_Rember Nunez_     Dated: 9/1/17
Rember Ezequias Nunez Azucena

_Kevin R Gutierrez_     Dated: _____
Kevin Roberto Gutierrez

**DEFENDANTS:**

**NATIONWIDE TREE SERVICE, LLC**

_[signature]_     Dated: 8/17/2017

**TREE DISCOUNT SERVICE, LLC**

Page 6 of 7

5373441_1

John Ogonowski, Individually

_____   Dated: 8/27/17
Steven Jernigan, Individually

This Agreement shall not be changed unless in writing and signed by both Plaintiffs and Defendants.

15.  **Severability**. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general release by Plaintiffs that is not invalid.

16.  **Headings**. The headings contained in this Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement:

**PLAINTIFFS:**

_German N._     Dated: 9/1/17
German Adonay Nunez Rodriguez

_Rember N._     Dated: 9/6/17
Rember Ezequias Nunez Azucena

_Kevin R Gutierrez_     Dated: _____
Kevin Roberto Gutierrez


**DEFENDANTS:**

NATIONWIDE TREE SERVICE, LLC

_____     Dated: 8.31-17

TREE DISCOUNT SERVICE, LLC

By: _[signature]_     Dated: 8/27/17

_____     Dated: _____

Page 6 of 7

5373441_1

|  | Dated: |
|---|---|
| By: |  |

*[signature: Jn Ogonowski]*
John Ogonowski, Individually      Dated: 8/17/2017

_____      Dated: _____
Steven Jernigan, Individually